**STATE OF TENNESSEE
Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
Jerald.E.Gilbert@tn.gov**

Doren E. Hohl

SEP 0 8 2014

SERVICE OF PROCESS

August 27, 2014

Mid-Century Insurance Company
4680 Wilshire Blvd, Attn: Doren Hohl
Los Angeles, CA 90010
NAIC # 21687

Certified Mail
Return Receipt Requested
7012 3460 0002 8944 7285
Cashier # 17072

Re: J. Ron Dillmon V. Mid-Century Insurance Company

Docket # 23987-I

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served August 27, 2014, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Jefferson County
    P O Box 671
    Dandridge, Tn 37725

EXHIBIT
A



IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, TENNESSEE

| | |
|---|---|
| J. RON DILLMON, | ) |
| Plaintiff, | ) No. 23989-I |
| | ) JURY DEMANDED |
| v. | ) |
| MID-CENTURY INSURANCE COMPANY, | ) |
| Defendant. | ) |

Doren E. Hohl
SEP 08 2014
SERVICE OF PROCESS

## SUMMONS

To the above-named Defendant:   Mid-Century Insurance Company
Commissioner of Insurance
Tennessee Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, Tennessee 37243-1204

You are hereby summoned and required to serve upon Dallas T. Reynolds, III, Plaintiff's attorney, whose address is DUNN, MacDONALD & REYNOLDS, P.C., 6204 Baum Drive, Knoxville, TN 37919, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this 30 day of May, 2014.

_____
Clerk

_____
Deputy Clerk

## NOTICE

To the Defendant:

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

To the process server: Defendant Mid-Century Insurance Company can be served via the Commissioner of Insurance of the State of Tennessee at its address of 500 James Robertson Parkway, Davey Crockett Tower, Nashville, Tennessee 37243-0565.

## RETURN

I received this summons on the _____ day of _____, 2014:

{ } served this Summons and a Complaint on Defendant in the following manner:

_____

_____

_____

{ } failed to serve this Summons within 30 days after its issuance because:

_____

_____

_____

_____
Process Server

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator. http://www.tsc.state.tn.us

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Compliance Officer
> Knox County Human Resources Office
> Suite 360 City-County Building
> 400 Main Street, Knoxville, Tennessee 37902
> Voice Phone: 215-2952    TTY: 215-2497

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> Pamela Taylor, Manager/Coordinator
> STATE Judicial ADA Program
> Administrative Office of the Courts
> Nashville City Center, Suite 600, 511 Union Street
> Nashville, TN 37219
> 615/741-2687   FAX: 615/741-6285

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

COPY

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, TENNESSEE

| | |
|---|---|
| J. RON DILLMON, | ) |
| Plaintiff, | ) No. 23987-I |
| | ) JURY DEMANDED |
| v. | ) |
| MID-CENTURY INSURANCE COMPANY, | ) |
| Defendant. | ) |

Doren E. Hohl
SEP 0 8 2014
SERVICE OF PROCESS

## COMPLAINT

COME NOW Plaintiff J. Ron Dillmon, by and through counsel, and would show unto this Honorable Court as follows:

1. That Plaintiff J. Ron Dillmon (hereinafter "Mr. Dillmon") is an adult, citizen and resident of Jefferson County, Tennessee.

2. That Defendant Mid-Century Insurance Company (hereinafter "the Defendant") is a for profit organization domiciled in the State of California but authorized to do business in the State of Tennessee. The Defendant may be served with process via the Commissioner of Insurance of the State of Tennessee at its address of 500 James Robertson Parkway, Davey Crockett Tower, Nashville, Tennessee 37243-0565.

3. Jurisdiction and venue in the instant case are properly found in this court pursuant to Tenn. Code Ann. §20-4-101 and related sections.

### FACTUAL ALLEGATIONS

4. Mr. Dillmon owned a residence at 473 Hilltop Drive Jefferson City, TN 37760.

FILED 5-30-2014
AT 3:30 O'CLOCK P.M.
PENNY O. MURPHY, CLERK

5. Mr. Dillmon insured his home, contents, and artwork by purchasing a policy of insurance from the Defendant.

6. Said policy was sold to Mr. Dillmon by the Defendant's agent, Steve Doughty. A copy of policy number 91807-19-79 is attached to the Complaint as Exhibit A. The effective period of the policy was September 11, 2011 through September 11, 2012. Pursuant to the terms and conditions of the insurance policy, the Plaintiff paid the appropriate premiums to the Defendant for the entire term of said policy. The Defendant was to provide the Plaintiff with insurance coverage under the terms and conditions of the aforementioned policy.

7. On June 20, 2012, a fire caused a fire suppression/sprinkler system to engage. The water damaged the structure and contents contained therein.

8. At all times during the policy period, the Plaintiff was current and paying the premiums on said insurance policy and complied in good faith with all of the terms and conditions of the policy. Similarly, the Plaintiff complied with the terms of the policy relative to his duties in the event of a loss or damage which included providing a timely, signed sworn Proof of Loss and submitting to an examination under oath.

9. After submitting his claim, Mr. Dillmon was advised by the Defendant that some of the property fell within a category defined as electronic data processing equipment (hereinafter "EDP"). Under certain circumstances, the terms of the policy provide a limit to the amount of coverage available for EDP. The Defendant advised Mr. Dillmon that the property labeled as EDP by the Defendant would not be subject to the special limit provided in the policy and, instead, would be evaluated under the general contents coverage and limits of the policy. Subsequently, the Defendant reversed its

position and applied the special limit to the EDP which resulted in a significant reduction in the amount of coverage available to Mr. Dillmon.

10. Mr. Dillmon purchased an endorsement in the form of a Personal Articles Floater J6102 to insure artwork enumerated in the policy. Subsequently, the Defendant's agent, Steve Doughty, bound coverage of Mr. Dillmon's art work in the amount of $765,730. Ultimately, the Defendant unilaterally determined that it was not obligated to provide coverage in the amount of $765,730 but, instead, merely $157,000. The Defendant made payment on the damaged and/or destroyed artwork in an amount less than what was owed based on the circumstances and information presented. Further, the amount paid by the Defendant was applied to the content limits rather than available limits under the Personal Articles Floater J6102 thereby improperly reducing the amount of available coverage to Mr. Dillmon.

## BREACH OF CONTRACT

11. The Plaintiff reincorporates all of paragraphs 1 through 10 of this Complaint as if fully stated herein.

12. The Plaintiff has duly performed all of the conditions described in the insurance policy to satisfy all of his duties as otherwise stated in the policy.

13. The Defendant has breached the contract or policy of insurance by refusing to pay the appropriate amount for the Plaintiff's claim for loss to contents, artwork and other benefits due and payable under the terms of the policy as a result of the June 20, 2012 fire.

14. The defendant is collaterally estopped from applying the special limit for

EDP after representing that the special limit was not applicable. Further the Defendant has incorrectly applied the special limit thereby breaching the contract and denying the Plaintiff the benefits he is entitled to under the contract.

15. The Defendant has elected not to honor its obligation relative to the policy limits of $756,730 for the Personal Articles Floater J6102. Instead, the Defendant has breached the contract by asserting that the applicable limits are $157,000.

16. As a direct and proximate result of the Defendant's breach of the insurance policy, the Plaintiff has incurred substantial damages.

## BAD FAITH

17. The Plaintiff reincorporates all of paragraphs 1 through 16 of this Complaint as if fully stated herein.

18. The Plaintiff duly performed the conditions of said policy of insurance by timely filing their claim for fire loss to the business and it contents with the Defendant.

19. The Defendant acted in bad faith by refusing to pay the proper amount of Plaintiff's claim for the fire loss in violation of Tenn. Code Ann. §56-7-105.

20. As a direct and proximate result of the Defendant's bad faith, the Plaintiff had to continue to incur substantial charges and seeks to recover the bad faith penalties specifically outlined at Tenn. Code Ann. §56-7-105.

21. In further support thereof, the Plaintiff avers that the Defendant has violated numerous provisions of the Unfair Claims Practices Act found at Tenn. Code Ann. §56-8-105 which include, but are not limited to, failure to attempt in good faith to effectuate prompt, fair equitable settlements of claims and unreasonably delaying the

payment of claims.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray:

1. That proper service issue and be served upon the Defendant.

2. That the Plaintiff be awarded a judgment against the Defendant in an amount to be determined by the jury.

3. That the Plaintiffs be awarded pre-judgment interest.

4. That the Plaintiffs be awarded reasonable attorney's fees incurred in this matter.

5. For such other and further relief to which they may be entitled.

### JURY DEMAND

6. The Plaintiffs demand a trial by jury of twelve on all issues.

Respectfully submitted this the  30  day of May, 2014.

J. RON DILLMON

BY: _____
Dallas T. Reynolds, III, *BPR No. 016868*
Attorney for Plaintiff
Dunn, MacDonald & Reynolds, P.C.
6204 Baum Drive
Knoxville, TN 37919
(865)525-0505

### COST BOND

Dallas T. Reynolds, III and Dunn, MacDonald & Reynolds, P.C., as Sureties, are held and firmly bound unto the Circuit Court for Jefferson County, Tennessee, for the payment of all costs awarded against the Principal. To that end, we bind ourselves, our heirs, executors and administrators.

DUNN, MacDONALD & REYNOLDS, P.C., Surety

DUNN, MacDONALD & REYNOLDS, P.C., Surety

BY: _____
Dallas T. Reynolds III